# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# Greenbelt Division

| | |
|---|---|
| *IN RE*: : | |
| : | |
| MARTIN CALHOUN : | Case No.: 24-17546-LSS |
| : | (Chapter 13) |
| Debtor : | |

## CREDITOR LVNV FUNDING, LLC'S ANSWER TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 11

COMES NOW, Creditor, LVNV Funding, LLC ("LVNV"), by and through counsel, answers Debtor's Objection to Proof of Claim No. 11 [ECF No. 24], and further states as follows:

### AFFIRMATIVE DEFENSES

A.  Debtor has admitted under penalty of perjury that the claim exists in the amount as scheduled. *See*, [ECF No. 13 at pg. 22].

B.  LVNV's Proof of Claim complies with Bankruptcy Rule 3001.

### ANSWER TO OBJECTION

1.  In response to Paragraph 1 of the Objection, LVNV admits that Debtor filed his Voluntary Petition on September 9, 2024.

2.  In response to Paragraph 2 of the Objection, LVNV admits that it filed Proof of Claim #11. An Amended Proof of Claim was filed on January 21, 2025. *See*, [Claim No. 11-2]. The claim arises from a Bank of Missouri credit card debt in the amount of $1,261.18. *Id*. Attached to the Proof of Claim are account statements which are addressed to Debtor at the address he uses in his Petition. *Id*. at pgs. 5-22.

3.  In response to Paragraph 3 of the Objection, Debtor, for the first time, alleges he was a victim of identity theft when filing his Objection. Debtor never asserted any identity theft to Creditor prior to his bankruptcy, for this debt that arose more than three (3) years ago.

4. In response to Paragraph 4 of the Objection, the claim should be allowed.

5. Prior to filing this response, the Creditor contacted Debtor's counsel to request corroborating evidence of the identity theft (i.e. police report or FTC Identity Theft Affidavit/Report). *See attached*, [Exhibit 1]. To date, no response has been provided.

6. The Proof of Claim provides information and documentation that establish the presumptive allowance of the claim. Debtor has not met his burden of proof of overcoming that presumption.

7. Debtor schedules the debt is non-contigent, unliquidated, and not disputed. *See*, [ECF No. 13 at pg. 22]. This acts as an admission, under penalties of perjury. *See generally*, *In re Falwell*, 434 B.R. 779, 789 (Bankr.W.D.Va. 2009):

> When a debtor schedules a claim as undisputed, the debtor has admitted under the penalty of perjury that the claim exists in the amount as scheduled.

(internal citations omitted).

8. LVNV states that the debtor's alleged dispute as to the validity of the debt in his sham Declaration is contradicted by his admission under penalty of perjury in her Schedules. *See*, *In re Falwell*, 434 B.R. at 789:

> If a debtor objects to a proof of claim that is in the same amount and character as is scheduled by the debtor and the claim is not marked as disputed on the debtor's schedules, any objection to that claim could be deemed to be a violation of Rule 9011.

WHEREFORE, your Creditor, LVNV Funding, LLC, respectfully requests that this Honorable Court overrule Debtor's Objection, and granting such other and further relief as the Court may deem to be proper.

3

Respectfully submitted,

THE LAW OFFICES OF RONALD S. CANTER, LLC


*/s/ Bradley T. Canter*
Bradley T. Canter, Esquire, #18995
2200 Research Boulevard, Suite 560
Rockville, Maryland 20850-4424
301.424.7490 (telephone) | 301.424.7470 (facsimile)
bcanter@roncanterllc.com (e-mail)
*Attorney for Creditor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically transmitted, this 4th day of February, 2025, to:

Richard J. Hackerman, Esq.
3635 Old Court Road, Suite 208
Baltimore, MD 21208
**Counsel for Debtor**

Timoth P. Branigan
9891 Broken Land Parkway, Suite 301
Columbia, MD 21046
**Chapter 13 Trustee**

and mailed, first class, postage pre-paid this 4th day of February, 2025, to:

Martin Calhoun
6401 Floral Park Road
Brandywine, MD 20613
**Debtor**

/s/ Bradley T. Canter
Bradley T. Canter, Esq.
*Attorney for Creditor*

4